UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____X

In re:                                          Chapter 7

Rober Ilgner,                                   Case No. 1-24-45311-ess

                    Debtor.                     **NOTICE OF MOTION**

                                                Hon. Elizabeth S. Stong
                                                United States Bankruptcy Judge

_____X

   **PLEASE TAKE NOTICE,** that upon the annexed Application of Paul Brown (the

"Judgment Creditor"), by and through his attorneys Mishiyeva Law, PLLC, will move this

Court, before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge at the United

States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein

Courthouse, 271 Cadman Plaza East, Courtroom 3529, Brooklyn, New York 11201 on **February**

**18, 2025; 12:30 p.m**, or as soon thereafter as counsel can be heard for the entry of an Order (i)

granting relief from the automatic stay in favor of the Creditor pursuant to 11 U.S.C. §§ 105(a),

362(d)(1), 362(d)(2), and waiving the 14 day stay imposed by Fed. R. Bankr. P. 4001(a)(3), (ii)

dismissing the Debtor's patently nondischargeable case with prejudice to the Debtor's ability to

refile for 12 months and (iii) granting such other and further relief as this Court deems just and

proper.

   Hearings before Judge Elizabeth S. Stong will be conducted remotely, by telephone or

video as the Court deems appropriate, until further notice. It is not necessary to contact the

Courtroom Deputy to request prior authorization to appear remotely, whether via telephone or

video. Judge Stong will utilize a new sign-in program, eCourt Appearances, to register to appear

at a hearing. To register, please provide your name, address, e-mail address, telephone number on the hearing date, and if appropriate, the party that you represent. **Please be sure to register at least one business day before your hearing.** You will receive instructions on how to access the remote hearing via e-mail two business days before the hearing. On your hearing date, please connect at least ten minutes before your scheduled hearing time, and keep your audio and video on mute until your case is called.

If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. If you do not have a CM/ECF account, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/eCourtAppearances.pl

Additional information about eCourt Appearances, including a tutorial on how to use the program, is available at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the instant application must be made in writing and received in the Bankruptcy Clerk's Office, United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 271 Cadman Plaza East, Brooklyn, New York 11201 and by the undersigned, Mishiyeva Law, PLLC, 85 Broad Street, 18 FL., New York, NY 10004, no later than seven (7) days prior to the hearing date set forth herein.

Dated: January 24, 2025
      New York, New York

MISHIYEVA LAW, PLLC
*Attorneys for Paul Brown*

By: *s/ Kamilla Mishiyeva*, Esq.
Kamilla Mishiyeva, Esq.
85 Broad Street, 18 FL.
New York, New York 10004
(646) 736-6328
kamilla@mishiyevalaw.com

To:

Robert Ilgner
148-01 133rd Avenue
Jamaica, NY 11436

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

In re:

Rober Ilgner,

Debtor.

Chapter 7

Case No. 1-24-45311-ess

Hon. Elizabeth S. Stong
United States Bankruptcy Judge

---------------------------------------------------------------X

## APPLICATION FOR AN ORDER GRANTING IMMEDIATE AND PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY AND FOR DISMISSAL WITH PREJUDICE

Paul Brown (the "Judgment Creditor"), an interested party to this Chapter 7 case, by and through his attorneys, Mishiyeva Law, PLLC, respectfully moves this Court for the entry of an Order (i) granting relief from the automatic stay in favor of the Judgment Creditor pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), 362(d)(2), and waiving the 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3), and (ii) dismissing the Debtor's patently nondischargeable case with prejudice to the Debtor's ability to refile for 12 months and (iii) granting such other and further relief as this Court deems just and proper. In support, the Judgment Creditor respectfully represents as follows:

### PRELIMINARY STATEMENT

1. The filing of the instant Chapter 7 petition is part of an abusive agenda designed to delay, hinder, impede and forestall the Judgment Creditor from exercising his right to possession to a real property known as 148-01 133rd Avenue, Jamaica, New York 11436 (the "property"). In point of fact, the instant filing cannot serve to permit the Debtor to a discharge for the following reasons.

2. A discharge merely prohibits a landlord from collecting a debt from the Debtor, which here does not exist. The Judgment Creditor seeks only possession of the property. There is no payment of arrearages due by the Debtor. The Debtor is a squatter who never had permission from the Judgment Creditor to live in the property. The Judgment Creditor never entered into any lease agreement with the Debtor, oral or written, has never received or collected any rent from the Debtor and has never demanded rent from the Debtor. There is no dischargeable debt or any debt owed to the Judgment Creditor in this filing. The **only** creditor listed in the Debtor's petition is the Judgment Creditor and two parties to be noticed of the filing – the Judgment Creditor's attorney and the Marshall's office.

3. Furthermore, the Judgment Creditor was awarded a judgment of possession and warrant of eviction in landlord-tenant court. Since then, the Debtor has filed three (3) motions in state courts to avoid the eviction. When these motions were denied, the Debtor filed a Chapter 7 petition one day before the warrant execution date. The Debtor's only intention with this filing is to avoid the eviction. The Debtor will continue to file bankruptcy if this case is dismissed without prejudice in order to keep avoiding eviction.

4. Moreover, the Debtor filed his bankruptcy petition as a non-individual "sole proprietor". Upon information and belief, this is a fraudulent filing. In previous state court filings, the Debtor identified himself as unemployed. An online search shows no business connected to the Debtor. He lists NAICS code 5311 in his petition, which refers to real estate lessors, which are businesses that rent and lease real estate properties. The Debtor does not own real estate. He is a squatting in the property for over five (5) years, refusing to vacate by telling the courts that he cannot afford to do so. The Debtor seems to be under the impression that filing

as a non-individual affords him the automatic stay protection without having a bankruptcy connected to his name and social security number.

5. Accordingly, and for the reasons set forth below, the Judgment Creditor respectfully requests that this Court enter an Order (i) granting relief from the automatic stay in favor of the Judgment Creditor pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), 362(d)(2), and waiving the 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3), and (ii) dismissing the Debtor's patently nondischargeable case with prejudice to the Debtor's ability to refile for 12 months, and (iii) granting such other and further relief as this Court deems just and proper.

## JURISDICTION

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 1112(b) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 1017, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Rules").

## BACKGROUND

8. On August 28, 2020, the Judgment Creditor commenced a summary holdover proceeding entitled *Paul Brown, as Executor of the Estate of Julia Murrell vs. Robert Ilgner,* et al, Index No. L&T 057303/2020 (the "Landlord-Tenant Action"). Copy of the case summary is annexed as **Exhibit A**.

9. On April 18, 2024, the Honorable Clinton J. Guthrie granted the Judgment Creditor judgment of possession and warrant of eviction. Copy of the order is annexed as **Exhibit B**.

10. On July 24, 2024, the Debtor filed an order to show cause in the Landlord-Tenant Action to stay the execution of the eviction warrant. Said order to show cause was granted solely to stay the eviction warrant to October 31, 2024, and denied rest of the relief. Copy of the order is annexed as **Exhibit C.**

11. On November 27, 2024, the Debtor filed another order to show cause application in the Landlord-Tenant Action to stay the warrant and for a temporary restraining order. This application was denied. Copy of the order is annexed as **Exhibit D**.

12. On or about October 30, 2024, the Debtor filed a summons and complaint and an order to show cause with the Supreme Court of the State of New York. Copy of the denied order is annexed as **Exhibit E.**

13. As last resort, the Debtor filed a non-individual chapter 7 bankruptcy petition on December 19, 2024, without schedules or a statement of financial affairs. A deficiency notice was entered, and David J. Doyaga, Sr., was appointed as the Chapter 7 Trustee (the "Chapter 7 Trustee"). The Debtor failed to attend the two 341 Meetings, and the Chapter 7 Trustee made a motion to dismiss the case.

## THE AUTOMATIC STAY SHOULD BE LIFTED

14. The Debtor is a **squatter** who took advantage of a vacant house when the Judgment Creditor's aunt died. Sadly, due the pandemic and backlog, it has taken years to secure a judgment of possession against Debtor and his family of squatters. The Debtor has taken control of a two family-house and has lived there rent free for over 5 years (60 months) and has been abusing the court system and bringing a hard-working Judgment Creditor to financial ruin. There was never any lease agreement, oral or written; the Judgment Creditor never received or

collected any rent from the Debtor or anyone living in the property. In fact, the Judgment Creditor had no idea knowledge about any occupants in the property until one day he tried to access the home left to him under his aunt's will and found strangers living in his house.

15. The automatic stay should be lifted for cause pursuant to Section 362(d)(1) of the Bankruptcy Code. Section 362(d)(1) provides that relief from the automatic stay shall be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Courts have held that a debtor's failure to pay rent constitutes "cause" to lift the automatic stay. *In re Tihi Rest. Corp.*, No. 22-11216 (JPM), 2023 Bankr. LEXIS 279, 2023 WL 1768373, at *2 (Bankr. S.D.N.Y. Feb. 3, 2023) (noting that 'the right to timely payment of rents constitutes an interest in property entitled to adequate protection," and that courts may lift the automatic stay for the failure to pay post-petition rent). The Debtor has been squatting in the property since January 2020. He has never paid rent.

16. Furthermore, Section 362(d)(2) provides that the court shall grant relief from the automatic stay with respect to property of the estate if the debtor does not have equity in such property and such property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2). The property belongs to the Judgment Creditor and Debtor was never a party to any lease. The Debtor has no equity in the Property. The Property is not necessary to an effective reorganization because the Debtor is in a Chapter 7 case and is therefore not seeking a reorganization.

17. Moreover, the Debtor's matrix lists only one creditor – the Judgment Creditor. There is no dischargeable debt owed here to the Judgment Creditor, therefore this bankruptcy filing cannot proceed. There is no reason why the automatic stay should apply here. The Debtor is not seeking a fresh start, he is only seeking a head start. This bankruptcy filing is just another

abusive agenda by the Debtor to delay, hinder, impede and forestall the Judgment Creditor from exercising his real property rights.

## THIS CASE SHOULD BE DISMISSED WITH PREJUDICE TO REFILE FOR TWELVE MONTHS

18. Here, cause exists to dismiss the case under Section 707(a) of the Bankruptcy Code. Inappropriate use of the Bankruptcy Code may establish cause to dismiss under 11 USC Section 707(a). *See Forever Green*, 804 F. 3d at 336; *Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp.*, 986 F.2d 709, 716 & n. 11 (4th Cir. 1993).

19. The Debtor's filing of the non-individual Petition was an inappropriate use of the Bankruptcy Code because it was used as a tactic to avoid eviction - a right awarded to the Judgment Creditor by state court for a property that he owns. The dispute between the parties was already resolved in the state courts. Furthermore, the filing was not proper, and likely fraudulent by the Debtor in filing as a non-individual. The Debtor never provided any schedules and never appeared at the two 341(a) creditor meetings. The Debtor never intended to see this filing through. This filing is a waste of judicial resources, and it is extremely unfair to the Judgment Creditor to keep expending money on legal fees to keep filing motions and oppositions, keep paying property expenses, and be unable to sell, rent or occupy his property because of the Debtor squatter.

20. The Debtor will keep filing bankruptcy to avoid eviction if this case is dismissed without prejudice.

## THE APPLICATION

21. The Judgment Creditor respectfully requests that this honorable Court enter an Order (i) granting relief from the automatic stay in favor of the Secured Creditor pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), 362(d)(2), and waiving the 14 day stay imposed by Fed. R. Bankr. P. 4001(a)(3), (ii) dismissing the Debtor's case with prejudice to the Debtor's ability to refile for 12 months and (iii) granting such other and further relief as this Court deems just and proper. (iii) granting such other and further relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

22. The Judgment Creditor expressly reserves its right to amend or supplement this Application, to introduce evidence supporting this Application at the hearing on the Application, and to file additional and supplemental objections as Judgment Creditor deems advisable.

## NOTICE

23. Notice of this Application has been provided to the Office of the United States Trustee, the Debtor, the Debtor's known creditors, and those parties entitled to notice in this Chapter 11 case. In light of the nature of the relief requested, the Judgment Creditor submits that no other or further notices need be provided.

## NO PREVIOUS APPLICATION

24. No previous application for the relief requested herein has been made in this case, before this or any other court.

**WHEREFORE**, the Judgment Creditor respectfully requests that this Court enter an Order (i) granting relief from the automatic stay in favor of the Judgment Creditor pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), 362(d)(2), and waiving the 14 day stay imposed by Fed. R. Bankr.

P. 4001(a)(3), (ii) dismissing the Debtor's patently nondischargeable case pursuant to 11 U.S.C.

§§ 105(a) and (iii) granting such other and further relief as this Court deems just and proper.

Dated: January 24, 2025
      New York, New York

                                MISHIYEVA LAW, PLLC
                                *Attorneys for Paul Brown*

                                By: *s/ Kamilla Mishiyeva*, Esq.
                                Kamilla Mishiyeva, Esq.
                                85 Broad Street, 18 FL.
                                New York, New York 10004
                                (646) 736-6328
                                kamilla@mishiyevalaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____X

In re:
                                            Chapter 7

Rober Ilgner,
                                            Case No. 1-24-45311-ess

                 Debtor.              **AFFIRMATION IN SUPPORT**

_____X

      KAMILLA MISHIYEVA, an attorney duly admitted to practice law before the Courts of

the State of New York, affirms, upon information and belief, under the penalties of perjury the

following:

1.     I am a member of Mishiyeva Law, PLLC, attorneys for Paul Brown, and as such I am

fully familiar with the facts and circumstances surrounding this matter.

2.     The dispute between the parties is a housing court matter which was decided in *Paul

Brown, as Executor of the Estate of Julia Murrell vs. Robert Ilgner, John Doe, Jane Doe*; Index

No. L&T 057303/2020 (the "landlord-tenant action").

3.     The landlord-tenant action was commenced by Paul Brown on August 28, 2020. The

debtor filed an answer on December 12, 2020.

4.     After an inquest was held and attended by Paul Brown, by a decision dated April 18,

2024, the Honorable Judge Clinton J. Guthrie awarded judgment of possession of 148-01 133rd

Avenue, Jamaica, New York 11436 (the "property") to Paul Brown.

5.     On July 24, 2024, the debtor filed an order to show cause to stay the execution of the

eviction warrant. On September 13, 2024, the order to show cause was granted solely to stay the

eviction warrant to October 31, 2024, and denied rest of the relief.

6.    Again, on November 27, 2024, the debtor filed an order to show cause application in the landlord-tenant action to stay of the warrant and for a temporary restraining order. This application was denied.

7.    On or about October 30, 2024, the debtor filed a summons and complaint and an order to show cause with the Supreme Court of the State of New York to stay the eviction. Supreme Court denied the debtor's motion.

8.    As last resort, the Debtor filed a non-individual chapter 7 bankruptcy petition on December 19, 2024, without schedules or a statement of financial affairs. A deficiency notice was entered, and David J. Doyaga, Sr., was appointed as the Chapter 7 Trustee (the "Chapter 7 Trustee"). The Debtor failed to attend the two 341 Meetings, and the Chapter 7 Trustee made a motion to dismiss the case.

9.    The debtor is a **squatter** who took advantage of a vacant house when Paul Brown's aunt died. Due the pandemic and backlog, it has taken years to secure a judgment of possession against the debtor and his family of squatters. The debtor has taken control of a two family-house and has lived there rent free for over 5 years (60 months) and has been abusing the court system and bringing a hard-working Judgment Creditor to financial ruin. There was never any lease agreement, oral or written; Paul Brown never received or collected any rent from the the debtor or anyone living in the property. In fact, Paul Brown had no idea knowledge about any occupants in the property until one day he tried to access the home left to him under his aunt's will and found strangers living in his house.

10.    The automatic stay should be lifted for cause pursuant to Section 362(d)(1) of the Bankruptcy Code. Section 362(d)(1) provides that relief from the automatic stay shall be granted "for cause, including the lack of adequate protection of an interest in property of such party in

interest." 11 U.S.C. § 362(d)(1). Courts have held that a debtor's failure to pay rent constitutes "cause" to lift the automatic stay. *In re Tihi Rest. Corp.*, No. 22-11216 (JPM), 2023 Bankr. LEXIS 279, 2023 WL 1768373, at *2 (Bankr. S.D.N.Y. Feb. 3, 2023) (noting that 'the right to timely payment of rents constitutes an interest in property entitled to adequate protection," and that courts may lift the automatic stay for the failure to pay post-petition rent). The Debtor has been squatting in the property since January 2020. He has never paid rent.

11.     Furthermore, Section 362(d)(2) provides that the court shall grant relief from the automatic stay with respect to property of the estate if the debtor does not have equity in such property and such property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2). The property belongs to Paul Brown. The debtor was never a party to any lease. The debtor has no equity in the property. The property is not necessary to an effective reorganization because the debtor is in a Chapter 7 case and is therefore not seeking a reorganization.

12. Moreover, the debtor's matrix lists only one creditor – Paul Brown. There is no dischargeable debt owed here to Paul Brown, therefore this bankruptcy filing cannot proceed. There is no reason why the automatic stay should apply here. The debtor is not seeking a fresh start, he is only seeking a head start. This bankruptcy filing is just another abusive agenda by the debtor to delay, hinder, impede and forestall Paul Brown from exercising his real property rights.

13.     Here, cause exists to dismiss the case under Section 707(a) of the Bankruptcy Code. Inappropriate use of the Bankruptcy Code may establish cause to dismiss under 11 USC Section 707(a). *See Forever Green*, 804 F. 3d at 336; *Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp.*, 986 F.2d 709, 716 & n. 11 (4th Cir. 1993).

14. The Debtor's filing of the non-individual Petition was an inappropriate use of the Bankruptcy Code because it was used as a tactic to avoid eviction - a right awarded to the Paul Brown by state court for a property that he owns. The dispute between the parties was already resolved in the state courts. Furthermore, the filing was not proper, and likely fraudulent by the debtor in filing as a non-individual. The debtor never provided any schedules and never appeared at the two 341(a) creditor meetings. The debtor never intended to see this filing through. This filing is a waste of judicial resources, and it is extremely unfair to the Paul Brown to keep expending money on legal fees on filing motions, keep paying property expenses, and be unable to sell, rent or occupy his property because of the debtor squatter.

15. The debtor will keep filing bankruptcy to avoid eviction if this case is dismissed without prejudice.

**WHEREFORE,** it is respectfully requested that this Court enter an Order (i) granting relief from the automatic stay in favor of the Paul Brown pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), 362(d)(2), and waiving the 14 day stay imposed by Fed. R. Bankr. P. 4001(a)(3), (ii) dismissing the debtor's patently nondischargeable case pursuant to 11 U.S.C. §§ 105(a) and (iii) granting such other and further relief as this Court deems just and proper.

Dated: January 24, 2025

/s/ *Kamilla Mishiyeva*
KAMILLA MISHIYEVA, ESQ.

EXHIBIT A

# CASE SUMMARY

| | | |
|---|---|---|
| Court: | Queens County Civil Court | Petitioner(s):<br>PAUL BROWN AS EXECUTOR OF THE ESTATE OF JULIA<br>MURRELL |
| Index. Number: | LT-057303-20/QU | |

| | | |
|---|---|---|
| Case Type: | Landlord and Tenant | vs. |
| Filed Date: | 08/28/2020 | |
| Property Type: | Residential | |
| Classification: | Non-Payment | Respondent(s): |
| Specialty Designation(s): | E-Filed | ROBERT ILGNER;<br>"John" "Doe"; |
| Status: | Post Disposition | "Jane" "Doe" |

| | |
|---|---|
| Disposed Date: | 04/18/2024 |
| Disposed Reason: | Judgment with Possession, with Warrant, Issuance Stayed per<br>Stipulation/Order, Execution Stayed per Stipulation/Order,<br>Earliest Execution Date 05/16/2024 |

Property Address(es): 148-01 133RD AVENUE, ENTIRE HOUSE, ALL ROOMS, INCLUDING BASEMENT, FIRST AND SECOND FLOOR, Jamaica, NY
11436 , Additional Property Description: ENTIRE HOUSE, ALL ROOMS, INCLUDING BASEMENT, FIRST AND SECOND FLOOR

(P)    PAUL BROWN
     MISHIYEVA LAW, PLLC - 85 BROAD STREET, 18TH FLOOR, New York, NY 10004, (646) 736-6328

(R)    ROBERT ILGNER - 148-01 133RD AVENUE, ENTIRE HOUSE, ALL ROOMS, INCLUDING BASEMENT, FIRST AND SECOND FLOOR, Jamaica,

(R)    "John" "Doe" (Undertenant) - 148-01 133RD AVENUE, ENTIRE HOUSE, ALL ROOMS, INCLUDING BASEMENT, FIRST AND SECOND FLOOR,

(R)    "Jane" "Doe" (Undertenant) - 148-01 133RD AVENUE, ENTIRE HOUSE, ALL ROOMS, INCLUDING BASEMENT, FIRST AND SECOND FLOOR,

## PAPERS RECORDED

| | |
|---|---|
| 08/28/2020 | Petition by Attorney, Filed By: (P) PAUL BROWN |
| 12/02/2020 | Answer Filed (Self Represented), Oral |
| 08/07/2023 | Ordered to Proceed as E-Filed Case, Filed By: (P) PAUL BROWN |
| 08/23/2023 | Phone or In Person Communication - phone |
| 08/23/2023 | Phone or In Person Communication - phone |
| 09/11/2023 | Motion (General), Seq 1, Court Date(s): 10/16/2023; 10/06/2023; 09/28/2023, Filed By: (P) PAUL BROWN, Relief: Restore, Status: Decided<br>(10/16/2023, Granted, Logan J. Schiff) |
| 09/13/2023 | Phone or In Person Communication - Phone |

This report reflects information recorded as of 11/28/2024 04:45 PM. Users should verify the accuracy of information by consulting original court records or
sources. The Unified Court System is not responsible for consequential use of this data.

Page 1 of 2

LT-057303-20/QU  (P) PAUL BROWN vs. (R) ROBERT ILGNER

03/25/2024  Motion (Ex-parte), Seq 2, Filed By: (P) PAUL BROWN, Relief: Nunc Pro Tunc, Status: Filed
04/18/2024  Decision, Seq 1, Result of: Courtroom, Judge/Arbitrator: Clinton J. Guthrie, Decision/Award: Judgment and/or Warrant
04/18/2024  Warrant (Original Issuance), Seq A, Judgment Seq 1, Ordering Judge: Clinton J. Guthrie, Issued/Signed Date: 06/24/2024, Issuance: Stayed -
            Stip/Order, Execution: Stayed - Stip/Order, Earliest Execution Date: 05/16/2024, Enforcement Agency: Marshal of the City of New York,
            Enforcement Officer: Grossman, Justin P.
04/26/2024  Judgment with Possession (Inquest), Seq 1, Filed Date: 04/26/2024, Total Judgment: $.00, Entered Date: 04/26/2024, Status: Entered
            (04/26/2024), Creditor(s): (P) PAUL BROWN, Debtor(s): (R) "Jane" "Doe"; (R) "John" "Doe"; (R) ROBERT ILGNER
05/06/2024  Marshal's Request for Warrant, Reviewed Date: 06/24/2024, Enforcement Agency: Marshal of the City of New York, Enforcement Officer:
            Grossman, Justin P.
07/24/2024  Motion (Order to Show Cause), Seq 3, Court Date(s): 09/13/2024, 08/19/2024, Filed By: (R) ROBERT ILGNER, Relief: Stay Eviction, Status:
            Decided (09/13/2024, Granted to Extent per Order, Clinton J. Guthrie)
11/27/2024  Motion (Ex-parte), Seq 4, Filed By: (R) ROBERT ILGNER, Relief: Stay, Status: Decided (11/27/2024, Denied, David J. Bryan)
11/27/2024  Phone or In Person Communication - PHONE - EVICTION INQUIRY
11/27/2024  Phone or In Person Communication

## APPEARANCE ACTIVITY

09/28/2020  Part B, Judge: Maria Ressos, Purpose: For All Purposes
09/28/2023  Part B, Judge: Logan J. Schiff, Purpose: Motion (1) - Restore, Outcome(s): Adjourned: 10/06/2023
10/06/2023  Part B, Judge: Logan J. Schiff, Purpose: Motion (1) - Restore, Outcome(s): Adjourned: 10/16/2023
10/16/2023  Part B, Judge: Logan J. Schiff, Purpose: Motion (1) - Restore, Outcome(s): Granted
12/12/2023  Part B, Judge: Logan J. Schiff, Purpose: Inquest: Court, Outcome(s): Adjourned: 02/13/2024
02/13/2024  Part B, Judge: Logan J. Schiff, Purpose: Inquest: Court, Outcome(s): Adjourned: 03/11/2024
03/11/2024  Part B, Judge: Clinton J. Guthrie, Purpose: Inquest: Court, Outcome(s): Adjourned: 04/02/2024
04/02/2024  Part B, Judge: Clinton J. Guthrie, Purpose: Inquest: Court, Outcome(s): Adjourned: 04/03/2024
04/03/2024  Part B, Judge: Clinton J. Guthrie, Purpose: Inquest: Court, Outcome(s): Adjourned: 04/18/2024
04/18/2024  Part B, Judge: Clinton J. Guthrie, Purpose: Inquest: Court, Outcome(s): Judgment with Possession, with Warrant, Issuance Stayed per
            Stipulation/Order, Execution Stayed per Stipulation/Order, Earliest Execution Date 05/16/2024 (based on Inquest)
08/19/2024  Part B, Judge: Clinton J. Guthrie, Purpose: Motion (3) - Stay Eviction, Outcome(s): Adjourned: 09/13/2024
09/13/2024  Part B, Judge: Clinton J. Guthrie, Purpose: Motion (3) - Stay Eviction, Outcome(s): Granted to Extent per Order

This report reflects information recorded as of 11/28/2024 04:45 PM. Users should verify the accuracy of information by consulting original court records or
sources. The Unified Court System is not responsible for consequential use of this data.

**EXHIBIT B**

## Queens County Civil Court
### Landlord and Tenant Judgment

Index Number: LT-057303-20/QL

Petitioner(s):
PAUL BROWN AS EXECUTOR OF THE ESTATE OF JULIA MURRELL

vs.

Respondent(s):
ROBERT ILGNER;
"John" "Doe";
"Jane" "Doe"

A Notice of Petition and Non-Payment Petition duly verified and proof of service having been filed with this court and the issue having been decided before Honorable Clinton J. Guthrie Housing Court Judge on April 18, 2024, a final order is made, after inquest in favor of Petitioner: PAUL BROWN AS EXECUTOR OF THE ESTATE OF JULIA MURRELL.

On Motion of:  MISHIYEVA LAW, PLLC
85 BROAD STREET, 18TH FLOOR, New York, NY 10004

**IT IS ADJUDGED:**

That possession of the premises, described in the petition located at 148-01 133RD AVENUE, ENTIRE HOUSE, ALL ROOMS, INCLUDING BASEMENT, FIRST AND SECOND FLOOR, Jamaica, NY 11436-, said property is further described as ENTIRE HOUSE, ALL ROOMS, INCLUDING BASEMENT, FIRST AND SECOND FLOOR, be awarded to the petitioner(s).

Post-judgment interest shall be 9% pursuant to NY CPLR §5004(a), except where otherwise provided by statute.

Petitioner creditor(s) and address(es):
(1) PAUL BROWN AS EXECUTOR OF THE ESTATE OF JULIA MURRELL

Respondent debtor(s) and address(es):
(1) ROBERT ILGNER, at 148-01 133RD AVENUE, ENTIRE HOUSE, ALL ROOMS, INCLUDING BASEMENT, FIRST AND SECOND FLOOR, Jamaica, NY 11436
(2) "John" "Doe", at 148-01 133RD AVENUE, ENTIRE HOUSE, ALL ROOMS, INCLUDING BASEMENT, FIRST AND SECOND FLOOR, Jamaica, NY 11436
(3) "Jane" "Doe", at 148-01 133RD AVENUE, ENTIRE HOUSE, ALL ROOMS, INCLUDING BASEMENT, FIRST AND SECOND FLOOR, Jamaica, NY 11436

**IT IS FURTHER ORDERED:**

That a warrant of eviction shall issue removing all named respondents from the described premises. However, the issuance of the warrant is stayed per Stipulation/Order. Upon issuance of the warrant, the execution of the warrant is stayed per Stipulation/Order. The earliest date upon which execution may occur is 05/16/2024.

Date of Decision: 04/18/2024

Honorable Clinton J. Guthrie
Housing Court Judge

**Queens County Civil Court**
**Landlord and Tenant Judgment**

**PAUL BROWN vs. ROBERT ILGNER**                      **Index Number: LT-057303-20/QU**

Continuation of the issue having been decided before Honorable Clinton J. Guthrie Housing Court Judge on April 18, 2024.

Judgment entered at Queens County Civil Court, 89-17 Sutphin Boulevard, Jamaica, NY 11435, in the STATE OF NEW YORK in the total amount of **$0.00 on 04/26/2024 at 10:08 AM.**

Judgment sequence 1

*Alia Razzaq*

Alia Razzaq, Chief Clerk

Warrant issued to Marshal null on _____

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.

**EXHIBIT C**

**Civil Court of the City of New York**

County of _____ Queens _____

Part __B__

Index Number ___57303/20___

Motion Cal. # _____ Motion Seq. # ___3___

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion

Paul Brown

as Executor

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Rober Ilguer

Defendant(s)/Respondent(s)

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed.......... | |
| Order to Show Cause and affidavits Annexed . . . | 1 (NYSCEF 19) |
| Answering Affidavits .......... *All Docs* | |
| Replying Affidavits.............................. | |
| Exhibits ........................................ | |
| *Opp Docs* | 2 (NYSCEF 20-23) |

Upon the foregoing cited papers, the Decision/Order on this Motion to

OSC

is as follows:

Respondent's application to adjourn again for counsel is declined, as the OSC was previously adjourned for this purpose. After argument on this OSC, the OSC is solely granted to stay execution of the warrant to 10/31/24 for respondents to vacate the premises. The court does not find a sufficient reasonable excuse or meritorious defense to vacate the default judgment (CPLR 5015(a)(1)) Respondent reserves any plenary claims that he may seek to pursue against petitioner. On default, execution after remaining marshals notices

9/13/24

Date

Judge, Civil Court
(Haus)

SO ORDERED - HON. CLINTON J. GUTHRIE

1 of 1

**EXHIBIT D**

At a Civil Court Term held in and for the County
of Queens, State of New York, on the ____ day of
_____ 2024 at the courthouse located at 89-
17 Sutphin Blvd, Jamaica, NY 11435

Present: _____

HON        J.S.C.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------X        LT 057303 2020

PAUL BROWN, AS EXECUTOR OF THE
ESTATE OF JULIA MURRELL,

                          Petitioner/Landlord

          -against-                                          **PROPOSED ORDER**

ROBERT ILGNER-Tenant
148-0' 133rd Avenue
ENTIRE HOUSE, all rooms, including basement,
First and second floor,
Respondent-tenant,

"John Doe', " Jane Does"
Respondent-undertenants,

                                     Defendants
----------------------------------------------------X

**EMERGENCY ORDER TO SHOW CAUSE FOR EMERGENCY RELIEF**

Upon the affidavit of Robert Ilgner, sworn to on November 25th, 2024 and the supporting

exhibits attached hereto, and upon the motion filed herein, let the petitioner, Paul Brown, as

Executor of the Estate of Julia Murrell, and all interested parties Show Cause before this Court at

89-17 Sutphin Blvd, Jamaica, NY 11435 on the _____ day of _____ 2024, at

_____ AM/PM or as soon thereafter as counsel can be heard, why an order should not be entered granting the following relief: It is

**ORDERED** that, the execution of the warrant of eviction and all associated proceedings against the Respondent, Robert Ilgner, and all occupants of the premises located at 148-01 133rd Avenue, Queens, NY, are **STAYED** pending further order of this Court, It is

**ORDERED** that a **TEMPORARY RESTRAINING ORDER** is Granted, Pending the hearing and determination of this motion, the Petitioner and any agents acting on behalf of the Petitioner, including Marshal Justin Grossman, are restrained from taking any action to remove Respondent or his family from the subject premises.

Sufficient cause appearing therefore, let first class or certified mail service of a copy of this Order, and the other papers upon which this Order is granted, upon Petitioner or his counsel and the New York City Marshall on or before the _____ day of _____ 2024, be deemed good and sufficient. An Affidavit or other proof of service shall be presented to this Court on the return date as directed on this Order.

Dated: _____

See Judge Guthrie's decision of

**SO ORDERED:**

9/13/24

_____
J.S.C.

HON. DAVID J. BRYAN

**EXHIBIT E**

Short Form Order

## NEW YORK SUPREME COURT – QUEENS COUNTY

Present: <u>HONORABLE MAURICE E. MUIR</u>
              Justice

**FILED**
12/10/2024
COUNTY CLERK
QUEENS COUNTY

---

ROBERT ILGNER, ASHLEY HARRIS,

              Plaintiffs,

-against-

PAUL BROWN,

              Defendant.

---

IAS Part - 42

Index No.: 723042/2024

Motion Date: 12/5/24

Motion Cal. No. 46

Motion Seq. No. 1

The following electronically filed ("EF") documents read on this motion by Robert Ilgner ("Mr. Ilgner") and Ashley Harris ("Ms. Harris") (collectively, the "plaintiffs") for an order: 1) staying and enjoining the enforcement of any eviction or removal of petitioner from the property known as 148-01 133rd Avenue, Jamaica, New York 11436 pursuant to CPLR § 6301; 2) pursuant to CPLR §103(c) vacating any default judgment of possession entered against the petitioner in the landlord-tenant (LT) court holdover proceeding initiated by respondent; 3) staying any eviction proceeding or enforcement of judgment from the L&T court related to this matter; and 4) granting such other or further relief as this court deems just and proper.

|  | Papers Numbered |
|---|---|
| Order to Show Cause-Affidavit-Exhibits-Service…….…..………. | EF 7 |
| Affirmation in Opposition-Exhibits-Service………..…………… | EF 8 – 17 |

Upon the foregoing papers, it is ordered that this motion is determined as follows:

This is action arises out of the summary holdover proceeding *entitled Paul Brown, as Executor of the Estate of Julia Murrell v. Robert Ilgner*, et al, Index No. L&T 057303/2020 ("Landlord-Tenant Action") in connection with real property located that 148-01 133rd Avenue, Jamaica, New York 11436 ("subject premises"). On August 28, 2020, Paul Brown ("Mr. Brown" or "Executor" or "respondent") commenced a summary holdover proceeding against the

plaintiffs. Approximately four years later, on or about April 18, 2024, the Honorable Clinton J. Guthrie granted the respondent a judgment of possession and warrant of eviction. Thereafter, on September 13, 2024, Judge Guthrie issued an order, which states, in relevant part, that ". . . after argument on the OSC, the OSC is solely granted to stay execution of the warrant to 10/31/24 for respondent to vacate the premises. *The court does not find a sufficient reasonable excuse or meritorious defense to vacate the default judgment* (CPLR 5015(a)(1)). Respondent reserves any plenary claims that he may seek to pursue against petitioner. On default execution after remailing marshal notice." Notwithstanding the same, the plaintiff seeks the above-described relief in this forum.

It is well settled law that "[u]nder the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]; *O'Brien v. City of Syracuse*, 54 NY2d 353 [1981]; *Hae Sheng Wang v. Pao-Mei Wang*, 96 AD3d 1005 [2d Dept 2012]; *Matter of Singer v. Weindfield*, 125 AD3d 666 [2d Dept 2015]; *Monaco v. Van Meerenonk*, 190 AD3d 968 [2d Dept 2021]; *see also Chapman Steamer Collective, LLC v. KeyBank National Association*, 163 AD3d 760 [2 Dept 2018]). The rationale for the doctrine is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again; allowing relitigation would undermine the interest of the community and the litigants in finality (*see Ryan v. New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *Hae Shen Wang v. Pao-Mei Wang*, 96 AD3d 1005 [2d Dept 2012]; *see also Clerico v. Pollack*, 148 AD34d 769 [2d Dept 2017]; *Chiantella v. Vishnick*, 84 AD3d 797 [2d Dept 2011]). Relitigation of claims also inhibits judicial economy (*see Matter of Reilly v. Reid*, 45 NY2d 24, 28 [1978]). Furthermore, res judicata applies to an order taken by default which has not been vacated (*see Lazides v. P & G Enters.*, 58 AD3d 607 [2d Dept 2009]; *Outdoors Clothing Corp. v. Schneider*, 153 AD3d 717 [2d Dept 2017]; *Eaddy v. U.S. Bank National Association*, 180 AD3d 756 [2d Dept 2020]). Here, this Court finds that Judge Guthrie's decisions have preclusive effect; and the plaintiffs are prohibited from relitigating those issues, which were addressed in the Housing Part. (*see Ryan v. New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *Eaddy v. U.S. Bank National Association*, 180 AD3d 756 [2d Dept 2020]).

Lastly, the court notes that the plaintiffs may not be entitled to a stay of the execution of the warrant of eviction because of the lapse of time since the commencement of the summary

proceeding; and due to the fact that plaintiffs failed to demonstrate that they are current with the use and occupancy ("U&O"). Pursuant to RPAPL § 753, it states, in relevant part, the following:

> In a proceeding to recover the possession of premises occupied for dwelling purposes, other than a room or rooms in an hotel, lodging house, or rooming house, the court, on application of the occupant, may stay the issuance of a warrant and also stay any execution to collect the costs of the proceeding for a period of not more than one year, if it appears that the premises are used for dwelling purposes; that the application is made in good faith; that the applicant cannot within the neighborhood secure suitable premises similar to those occupied by the applicant and that the applicant made due and reasonable efforts to secure such other premises, or that by reason of other facts it would occasion extreme hardship to the applicant or the applicant's family if the stay were not granted***

> Such stay shall be granted and continue effective only upon the condition that the person against whom the judgment is entered shall make a deposit in court of the entire amount, or such installments thereof from time to time as the court may direct, for the occupation of the premises for the period of the stay, at the rate for which the applicant was liable as rent for the month immediately prior to the expiration of the applicant's term or tenancy, plus such additional amount, if any, as the court may determine to be the difference between such rent and the reasonable rent or value of the use and occupation of the premises; such deposit may also include all rent unpaid by the occupant prior to the period of the stay. The amount of such deposit shall be determined by the court upon the application for the stay and such determination shall be final and conclusive in respect to the amount of such deposit, and the amount thereof shall be paid into court, in such manner and in such installments, if any, as the court may direct****

(*see generally* NYCHA v. Encarnacion, NYLJ 10/26/16 [Civ Ct, Kings Co]; *Marine Terrace Preservation, L.P. v. Arabadjis*, 78 Misc. 3d 130(A)[App Term 2d, 11th and 13th Jud Dists 2023]).

Accordingly, it is hereby

ORDERED that the plaintiffs' motion is denied, in its entirety; and it is further,

ORDERED that all stays are vacated forthwith; and it is further,

ORDERED that defendant shall serve a copy of this decision and order with notice of entry upon the plaintiffs, via first class mail, and NYSCEF, on or before December 30, 2024.

The foregoing constitutes the decision and order of the court.

Dated: December 6, 2024
Long Island City, New York

MAURICE E. MUIR, J.S.C.



FILED
12/10/2024
COUNTY CLERK
QUEENS COUNTY

3 of 3

**Chapter 7**
**Case No. 1-24-45311-ess**
**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

_____X

In re:

Rober Ilgner,

Debtor.

_____X

---

**NOTICE OF MOTION**
MISHIYEVA LAW, PLLC.
*Attorneys for PAUL BROWN*
85 Broad Street, 18th Floor
Brooklyn, New York 10004

---

     Pursuant to 22NYCR 130-1.1 the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief and reasonable inquiry, the contents contained in the annexed document are not frivolous.

Dated: January 24, 2025

*/s/Kamilla Mishiyeva*
Kamilla Mishiyeva, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____X

In re:

                                 Chapter 7

Rober Ilgner,

                                 Case No. 1-24-45311-ess

Debtor.                          AFFIRMATION OF SERVICE

_____X


      I, Kamilla Mishiyeva, an attorney at law duly admitted to practice before the Courts of the
State of New York, affirm under the penalties of perjury, that on January 24, 2025, I served a true
copy of the NOTICE OF MOTION, APPLICATION FOR AN ORDER GRANTING
IMMEDIATE AND PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY AND FOR
DISMISSAL WITH PREJUDICE; and AFFIRMATION IN SUPPORT, upon:

           Robert Ilgner
           148-01 133rd Avenue
           Jamaica, NY 11436


      by mailing a true copy of same enclosed, properly sealed and enclosed in a post-paid
wrapper by first class in a Post Office of the United States Postal Service. Said mailing was not
returned to me as undeliverable.

Dated: January 24, 2025


                                _/s/Kamilla Mishiyeva_
                                KAMILLA MISHIYEVA, ESQ.